UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ELLIS ADAMS,

       Plaintiff,

v.                                                               Case No. 10-10567
                                                              Honorable Patrick J. Duggan

U.S. BANK,

       Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 1, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff Grace Ellis Adams ("Plaintiff") filed a *pro se* complaint against Defendant U.S. Bank ("U.S. Bank") on February 10, 2010, alleging violations of the Fair Housing Act, 42 U.S.C. §§ 3601-3631, the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f, and fraud in violation of Michigan law.  Presently before the Court are the following motions: (1) U.S. Bank's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c), filed March 31, 2010; (2) Plaintiff's motion to amend her complaint to add two U.S. Bank employees as defendants, filed April 21, 2010; and (3) Plaintiff's motion for injunction and extension of time for discovery, filed May 5, 2010. The motions have been fully briefed.  On May 27, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motions

pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants U.S. Bank's motion and denies Plaintiff's motions as moot.

## I. Factual and Procedural Background

According to a lawsuit Plaintiff previously filed against U.S. Bank, Wilmington Finance, AIG Federal Savings Bank, and Amerimortgage, Plaintiff obtained a mortgage loan from Wilmington Finance which U.S. Bank serviced. *Adams v. Wilmington Fin.*, No. 07-15494, 2008 WL 2998660 (E.D. Mich. Aug. 1, 2008) (Cox, J.) (unpublished opinion). Plaintiff claimed she could not afford the payments on the loan and that she spoke with U.S. Bank representatives about modifying her loan. Plaintiff alleges in the present lawsuit that she completed and sent U.S. Bank several loan modification applications between January 2008 and November 2009; however, when she contacted U.S. Bank, its representatives told her there was no record of any loan modification documents from her in the bank's files.[1]

In response, Plaintiff filed this lawsuit alleging fraud and violations of the federal Fair Housing Act and Equal Credit Opportunity Act. In support of her claims, Plaintiff alleges that U.S. Bank and its employees "tampered with and destroyed" Plaintiff's loan modification documents.

## II. Standard for Motion to Dismiss

---

[1] In her response to U.S. Bank's motion to dismiss, Plaintiff alleges that U.S. Bank employees also told her that she was denied a loan modification. (Pl.'s Resp. at ¶¶ 1, 9-10, 16.)

The standard of review for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c) is the same as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court reiterated in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

### III. Applicable Law and Analysis

As stated previously, Plaintiff alleges that U.S. Bank's conduct with respect to her loan modification documents violated the federal Fair Housing Act and Equal Credit Opportunity Act and constituted fraud in violation of Michigan law.

Section 3605 of the Fair Housing Act ("FHA") makes it unlawful for a person or entity engaged in residential real estate transactions to discriminate against a person because of the person's race, color, religion, sex, handicap, familial status, or national origin. 42 U.S.C. § 3605. The burden-shifting standard the Supreme Court adopted in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973), applies to claims under this section. *See Mich. Protection and Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 346 (6th Cir. 1994) *see also Mencer v. Princeton Square Apts.*, 228 F.3d 631, 634 (6th Cir. 2000). The plaintiff has the initial burden of establishing a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she applied for and qualified for a loan modification; (3) her application was denied; and (4) the defendant continued to modify loans for non-members of the protected class. *Babin*,

4

18 F.3d at 346 (citing *Sec'y of HUD ex rel. Herron v. Blackwell*, 908 F.2d 864, 870 (11th Cir. 1990)).

U.S. Bank moves to dismiss Plaintiff's FHA claim, contending that Plaintiff fails to allege facts to support her claim. This Court agrees. Plaintiff at no time identifies herself as a member of a protected class in her complaint.[2] She also fails to allege that she qualified for a loan modification and was denied relief despite her qualification. Therefore, this Court dismisses Plaintiff's FHA claim.

The Equal Credit Opportunity Act ("ECOA") similarly prohibits creditors from discriminating against a credit applicant based on the latter's race, color, religion, national origin, sex, or marital status. 15 U.S.C. § 1691(a)(1). The *McDonnell-Douglas* burden-shifting standard applies to a claim under this statute as well. *Mays v. Buckeye Rural Elec. Co-op, Inc.*, 277 F.3d 873, 876 (6th Cir. 2002). To establish a *prima facie* case, a plaintiff must prove that: (1) she is a member of a protected class; (2) she was an applicant for credit; (3) she qualified for credit; and (4) despite her qualifications, the creditor denied her request. *Id.* at 877.

U.S. Bank seeks dismissal of Plaintiff's ECOA claim because she also fails to set forth sufficient allegations to support a *prima facie* case under the statute. Again, and for the same reasons indicated with respect to Plaintiff's FHA claim, this Court agrees and

---

[2]While Plaintiff seeks to amend her complaint, she only is attempting to add two employees as defendants. The requested amendment, therefore, does not cure the deficiencies in her pleadings discussed herein.

dismisses Plaintiff's ECOA claim.

With respect to Plaintiff's fraud claim, U.S. Bank first argues that Plaintiff fails to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirements. To meet Rule 9(b)'s requirements, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008). U.S. Bank also argues that Plaintiff fails to allege facts to support the elements of a fraud claim: (1) that the defendant made a material misrepresentation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that the defendant made the misrepresentation with the intention that it should be acted upon by the plaintiff; (5) the plaintiff acted in reliance on it; and (6) suffered injury. *Moross Ltd. P'ship v. Fleckenstein Capital, Inc.*, 466 F.3d 508, 515-16 (6th Cir. 2006) (quoting *U.S. Fid. & Guar. Co. v. Black*, 412 Mich. 99, 313 N.W.2d 77, 82 (1981)).

In her complaint, Plaintiff fails to set forth allegations sufficient to satisfy Rule 9(b)'s particularity requirements. Yet in response to U.S. Bank's motion, Plaintiff does identify the alleged fraudulent statements, the U.S. Bank employees who allegedly made the statements, and when the statements were made. Plaintiff, however, does not set forth sufficient allegations to establish that she relied on the allegedly false statements in her complaint or in her response to U.S. Bank's motion.

6

Plaintiff alleges that employees of U.S. Bank made material representations regarding her loan modification documents. According to Plaintiff, she or her representative submitted loan modification documents to U.S. Bank on seven occasions from January 10, 2008 through November 4, 2009. Plaintiff claims she verified with U.S. Bank employees that the loan modification documents had been received; but, when she subsequently called the bank, she was told her application had been denied and/or that there was no documentation in her account file reflecting that an application had been received. Plaintiff claims that U.S. Bank never intended to consider her for a loan modification and destroyed or intentionally misplaced her documents. She states in her complaint: "The fact that US Bank does not have Plaintiff's loan modification documentation[] on file could not have occurred by chance and can not be explained by factors unrelated to fraud." (Compl. at 2.)

Plaintiff's allegations fail to set forth facts establishing that she relied on the alleged false statements by U.S. Bank's employees. In response to U.S. Bank's motion, Plaintiff states: ". . . U.S. Bank falsely misrepresented to Plaintiff that they would consider her for the HAMP Program [sic] [Home Affordable Modification Program] and she relied on it." (Pl.'s Resp. ¶ 1.) This is the only statement in Plaintiff's pleadings relevant to the reliance element; Plaintiff's complaint is devoid of any factual allegations with respect to this element. But even if the allegations in her response brief appeared in her complaint, they are insufficient to support her claim of fraud as they constitute nothing more than a bare recitation of the elements without supporting factual content.

Moreover, the fact that U.S. Bank may have informed Plaintiff that it would consider her for a loan modification and then lost or destroyed her loan modification application does not imply that she suffered injury as a result. Plaintiff already was indebted for the amount of the mortgage. She does not allege that she qualified for a loan modification if U.S. Bank had considered her applications. Federal district courts have held that homeowners do not have a right to a loan modification under HAMP. *See, e.g., Benito v. Indymac Mortgage Servs.*, – F. Supp. 2d –, 2010 WL 2130648, at *7 (D. Nev. May 21, 2010) (finding that the HAMP contract between the federal government and lenders neither requires lenders to make any particular loan modification nor grants homeowners a right to modification); *de la Salle v. America's Wholesale Lender*, No. S-09-2701, 2010 U.S. Dist. LEXIS 36319, at *3-4 (E.D. Cal. Apr. 13, 2010) (unpublished opinion); *Williams v. Geithner*, No. 09-1959, 2009 U.S. Dist. LEXIS 104096, at *6-7 (D. Minn. 2009). In short, Plaintiff fails to state a claim of fraud upon which relief may be granted.

For the above reasons, the Court grants U.S. Bank's motion to dismiss. Plaintiff's motion to amend her complaint to add two U.S. Bank employees as defendants and her request for an injunction and an extension of time to conduct discovery therefore are moot.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion to amend her complaint

and motion for an injunction and extension of time for discovery are **DENIED AS MOOT**.

                                             s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
Grace Ellis Adams
829 Langdon Court
Rochester Hills, MI   48307

Edward C. Cutlip, Jr.
Davidde A. Stella